NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**FAYE RENNELL HOBSON,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2021-1693

---

Petition for review of the Merit Systems Protection Board in No. CH-1221-20-0604-W-1.

---

Decided: March 21, 2022

---

FAYE RENNELL HOBSON, Clarksville, TN, pro se.

KATRINA LEDERER, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by TRISTAN L. LEAVITT, KATHERINE MICHELLE SMITH.

---

PER CURIAM.

Faye R. Hobson appeals the Merit Systems Protection Board's dismissal of her Individual Right of Action appeal under the Whistleblower Protection Act and Whistleblower Protection Enhancement Act for lack of jurisdiction. The Board found Mrs. Hobson failed to make a non-frivolous allegation that her protected activity was a contributing factor to personnel (retaliatory) action taken against her. We affirm.

## BACKGROUND

The Whistleblower Protection Act ("WPA") and Whistleblower Protection Enhancement Act ("WPEA")[1] prohibit an agency from taking personnel action against an employee for disclosing information that the employee reasonably believes evidences a violation of law, rule, or regulation; gross mismanagement; a gross waste of funds; an abuse of authority; or a substantial and specific danger to public health or safety. *See Chambers v. Dep't of the Interior*, 602 F.3d 1370, 1375–76 (Fed. Cir. 2010) (citing 5 U.S.C. § 2302(b)(8)). To report a whistleblower violation, an employee may file a complaint with the Office of Special Counsel ("OSC"). *See Cahill v. Merit Sys. Prot. Bd.*, 821 F.3d 1370, 1373 (Fed. Cir. 2016). If no action is taken by the OSC, the employee may file an Individual Right of Action ("IRA") appeal before the Merit Systems Protection Board (the "Board"). *See id.*

Appellant Faye R. Hobson worked for the Department of Defense, Education Activity ("Defense Ed") beginning in 2002. Appx. 236.[2] In 2005, Mrs. Hobson's military spouse

---

[1]  The WPA of 1989 provides the general framework of the whistleblower protection process. In 2012, the WPEA made amendments to the existing framework.

[2]  "Appx." refers to the appendix submitted with Appellant's Opening Brief. For the sake of clarity, the cited

was assigned to duty at Fort Campbell, Kentucky. That year, Mrs. Hobson accepted a position as a Special Education Teacher at Barkley Elementary School in Fort Campbell. *Id.* After reviewing student files, Mrs. Hobson discovered what she believed were improper special education practices at the elementary school for the 2005–2006 school year.[3] Appx. 61. Mrs. Hobson disclosed the improper practices to the Assistant Principal, the Special Education Coordinator, the Community Superintendent, and the Fort Campbell Schools Superintendent. Appx. 237.

Mrs. Hobson subsequently applied for eight teaching positions during 2012 and 2014 but was not selected. Appx. 61. In December 2014, Mrs. Hobson filed a complaint with the OSC alleging that Defense Ed retaliated against her for disclosing the improper practices. Appx. 238. The OSC closed her case without taking action. She then filed an IRA appeal before the Board. *Id.* In September 2016, the Board determined that Mrs. Hobson had made a protected disclosure but denied her claim on grounds that she failed to make a non-frivolous allegation that the disclosure was a contributing factor in the decision by Defense Ed not to select her for a teaching position. Appx. 235–36.

In August 2019, Mrs. Hobson filed a second whistleblower complaint with the OSC. Appx. 96–108. Mrs. Hobson asserted that she faced retaliation for her prior disclosure of the improper practices and for certain other protected activity, including her previous IRA appeal; serving as a witness in another Board hearing; and filing a

---

page numbers refer to the page numbers included in the electronic stamp at the top of the page.

[3] According to Mrs. Hobson, the elementary school violated federal and state special education funding requirements regarding services provided and student record maintenance. Appx. 236–37, 241–42.

complaint in federal court. Appx. 102–03. Mrs. Hobson alleged her non-selection for teaching positions as retaliatory action. Appx. 99. Specifically, Mrs. Hobson identified the Fort Campbell Middle School Principal (the "Principal") as the official responsible for the retaliation, but she did not allege that the Principal was aware of her protected activity. *Id.* Her complaint stated that she is a "known whistleblower" but did not explain *who* knew her as a whistleblower or *how* they knew she is a whistleblower. *Id.* The OSC asked Mrs. Hobson to explain how the selecting officials knew about her protected activity. Appx. 124. Mrs. Hobson responded by reiterating her allegations of retaliatory activity but did not provide further explanation. Appx. 113–18. In June 2020, the OSC determined Mrs. Hobson's activity was whistleblower protected activity, but it closed her claim on grounds that she failed to allege that her protected activity was a contributing factor in the personnel decision not to hire her. Appx. 120, 123–25.

Mrs. Hobson appealed the OSC's decision to the Board. Appx. 60. The Board issued an "Order on Jurisdiction and Proof Requirements" ("Jurisdiction Order"). Appx. 164–71. The Jurisdiction Order advised Mrs. Hobson on the requirements for establishing jurisdiction and provided instructions. Appx. 165–69. As a result, Mrs. Hobson submitted supplemental filings to the Board, including communications with the OSC. Appx. 62.

The Board reviewed Mrs. Hobson's supplemental filings and dismissed her appeal for lack of jurisdiction. Appx. 60–62. The Board explained that Mrs. Hobson's appeal addressed only one of the non-selections at issue—a Fort Campbell Middle School English position. Appx. 64–66. The Board further determined that because Mrs. Hobson did not allege that her protected activity was a contributing factor in her non-selection for that position, she failed to make a non-frivolous allegation as required under the WPA. Appx. 66–69. Accordingly, the Board

found that it lacked jurisdiction over Mrs. Hobson's appeal and dismissed the appeal.

Mrs. Hobson timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## STANDARD OF REVIEW

Whether the Board has jurisdiction is a question of law that this court reviews de novo. *Kerrigan v. Merit Sys. Prot. Bd.*, 833 F.3d 1349, 1353 (Fed. Cir. 2016) (citing *Herman v. Dep't of Justice*, 193 F.3d 1375, 1378 (Fed. Cir. 1999)).

## DISCUSSION

The Board has jurisdiction over an IRA appeal provided that the appellant makes "non-frivolous allegations" of whistleblowing activity. A non-frivolous allegation is one that alleges a protected disclosure or activity and that the protected disclosure or activity "was a contributing factor in the agency's decision to take or fail to take a personnel action." *Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1367 (Fed. Cir. 2020).

It is not disputed that Mrs. Hobson engaged in protected activity. We agree. We next examine whether Mrs. Hobson made a non-frivolous allegation that her protected activity was a contributing factor to the alleged personnel action.

To demonstrate that the protected activity was a contributing factor to the personnel action, the appellant may allege that "the official taking the personnel action knew of the disclosure or protected activity" and "the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or protected activity was a contributing factor in the personnel action." 5 U.S.C. § 1221(e)(1).

Here, Mrs. Hobson does not make a non-frivolous allegation that her protected activity was a contributing factor

to the personnel action, the alleged retaliation. Throughout the filings and communications with the OSC, Mrs. Hobson fails to allege that the Principal or anyone else knew of her protected activity. Accordingly, we determine that Mrs. Hobson has failed to make a non-frivolous allegation that her protected activity contributed to her non-selection for the Middle School position. As such, we affirm the Board's determination that it lacks jurisdiction.

## CONCLUSION

Mrs. Hobson demonstrated she engaged in protected activity. But to establish Board jurisdiction, Mrs. Hobson must allege that official(s) responsible for alleged personnel action knew of her protected activity. Because Mrs. Hobson did not allege that the Principal was aware of the whistleblower activity, Mrs. Hobson failed to establish Board jurisdiction over her IRA appeal. Accordingly, we affirm.

## **AFFIRMED**

### COSTS

No costs.